UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

YVETTE CARABALLO,

           Plaintiff,

     -against-

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

-----------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2021
```

OPINION AND ORDER

17 Civ. 7205 (NSR)(LMS)

NELSON S. ROMÁN, United States District Judge

     Plaintiff Yvette Caraballo ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g) ("Section 406(b)") , challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied her application for disability benefits, under the Social Security Act (the "Act"). (ECF No. 1.) By Stipulation and Order, dated August 27, 2018, the parties consented to remand the matter back to the Social Security Administration ("SSA") for further proceedings. (ECF No. 17.) By Notice of Motion, dated December 14, 2019, Plaintiff's counsel moved for an award of attorney's fees under 42 U.S.C. § 406(b)(1). (ECF No. 24.) Defendant opposed the application on the limited basis of the reasonableness of the fee requested. (ECF No. 29.) The case was referred to Magistrate Judge Lisa M. Smith ("MJ Smith"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), for all purposes, including to issue a Report and Recommendation ("R & R") on Plaintiff's application. (ECF No. 7.) Presently before the Court is MJ Smith's R & R, recommending that Plaintiff's request for attorney's fees be granted and reduced.

1

(ECF No. 30.) Plaintiff objects to the R & R. For the following reasons, the Court determines Plaintiff's counsel is entitled to legal fees in the amount of $18,500.00.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).

However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

2

To the extent a party makes specific objections to an R & R, those objections must be reviewed de novo. 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent a party "makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## **DISCUSSION**

Section 406(b) provides in relevant part, that the court may upon rendering a judgment favorable to a claimant in a Social Security Act claim action, determine and allow as part of the judgment a reasonable legal fee not to exceed 25 percent of the total of the past-due benefits to which the claimant is entitled. Section 406(b) is not a fee-shifting statute but rather pertains to the fee to be paid by the plaintiff to his own attorney. *See Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Notably, Section 406(b) permits the court to determine whether the amount sought is "a reasonable fee," provided it does not exceed 25 percent of amount received for past due benefits. 42 U.S.C. § 406(b)(1). When determining the reasonableness of the fees, the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate in a social security case where the parties

have a contingent fee agreement. *Wells*, 907 F.2d at 370 (citing *McGuire v. Sullivan*, 873 F.2d 974, 780 (7th Cir.1989)); *Rodriguez v. Bowen*, 865 F.2d 739, 743 44 (6th Cir. 1989). When assessing the reasonableness of the fees under a contingency agreement, the district court shall consider three factors: whether the amount requested exceeds the statutory 25 percent ceiling; whether there was fraud or overreaching in the negotiations that lead to the fee arrangement; and whether the requested amount amounts to a windfall to the attorney. *Wells*, 907 F.2d at 372. When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement. *See id.* at 371 (internal citations omitted).

Based upon the principles delineated above, the Court conducts de novo review. Upon de novo review, the Court awards counsel $18,500.00 in reasonable attorney's fees.

Plaintiff was awarded $142,719.00 in past-due benefits. Plaintiff's counsel seeks to enforce the attorney's fee contingency agreement which permits legal fees up to 25 percent of the recovered benefits. More specifically, Plaintiff's counsel seeks a total of $25,000.00, less any legal fees previously received. During the pendency of this action, Plaintiff's counsel previously sought $5,506.13 in attorney's fees for 26.9 hours of work, $400.00 in filing fees, and $21.00 for service fees, pursuant to 28 U.S.C. § 2412, the Equal Access Justice Act ("EAJA"). By Stipulation and Order, dated December 3, 2015, counsel received $5,300.00 in attorney's fees, and $400.00 in costs. (ECF No. 22.) Thus, Plaintiff's counsel now seeks an additional $19,700.00.

Counsel asserts that he expended 26.9 hours of attorney time which would yield a de facto hourly rate of $939.39. (ECF No. 25, Para. 27.) While at first glance an hourly rate of $939.39 may appear excessive, counsel asserts that "the resultant loadstar rate would not be disproportionate to

the legal services rendered." (*Id.* at Para. 28). Counsel also asserts that such an hourly rate is consistent with prior court decisions in this circuit. *See Schiebel v. Colvin*, No. 614CV00739LEKTWD, 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016) (granting an award of $26,831.20 in attorney's fees for 27.5 hours under 42 U.S.C. § 406(b)); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (granting an award of attorney's fees in the amount of $37,993.25 for 37.7 hours of work). While counsel is correct, it has been held that if the past-due benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (citing *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989)). Similarly, in determining reasonableness, the court may consider the actual time spent on the case by the attorney as an aid. *Gisbrecht*, 535 U.S. at 808. After carefully balancing all the relevant factors, including the complexity of the case, and the number of attorney work hours expended, the Court determines that legal fees totaling $18,500.00 are reasonable.

## CONCLUSION

Plaintiff's counsel is awarded reasonable legal fees pursuant to 42 U.S.C. § 406(b) totaling $18,500.00. Plaintiff's counsel is directed to return $5,300.00, the amount awarded pursuant to the EAJA, to Plaintiff. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 24 and to terminate the action.

Dated: October 22, 2021　　　　　　　　　　　　　　　SO ORDERED:
White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN